## Sarah M. Dickinson *vs.* Lyman Gunn & others.

It is a good ground of defence against a suit to foreclose a first mortgage, brought against
the second mortgagee, that nothing is due upon it, and that the first mortgagee is estopped
from asserting against this defendant that anything is due thereon; and therefore the
second mortgagee cannot on these grounds maintain a bill in equity to restrain the prose-
cution of such suit.  But if in his bill he also prays to be allowed to redeem, in case
anything shall be found due upon the first mortgage, and the defence to it shall not be
sustained, the bill may stand to await the result of the suit to foreclose.

Hoar, J.   The plaintiff in this bill in equity seeks to restrain
the defendant Gunn from prosecuting against her a suit which
he has commenced in the superior court to foreclose a mortgage.
It alleges that she is the holder of a mortgage subsequent in
date to his, but that nothing is due on the mortgage to him ; or,
if anything is due, that he is estopped from asserting it, because
she lent her money and took her mortgage upon his assurance
that it was paid, and would have no validity against her secu-
rity.   She also asks to be allowed to redeem, if any thing is
found due upon the prior mortgage, and her defence to it is not
sustained.

We think that either of her objections to Gunn's mortgage may be made available in defence to his action to foreclose and that the issues which she proposes to try may be best tried in that action. If nothing is due on Gunn's mortgage, he cannot maintain his action; and an estoppel as against her to assert that anything is due upon it will equally avail her as a defence. This bill would therefore be dismissed, on the ground that the plaintiff has a plain, adequate and complete remedy in that suit, if it were certain that the action to foreclose would be prosecuted to final judgment.

But as this is also a bill to redeem, and the plaintiff in the other suit may fail to prosecute it, this bill will be sustained until the final determination of the action in the superior court. The plaintiff in that will be allowed to prosecute it, if he sees fit to do so. The motion of the plaintiff that issues may be framed will be denied for the present; and this suit will await the result of the other, with leave to the plaintiff to apply for farther action if it shall become needful.

*S. T. Spaulding*, for the plaintiff.
*C. Delano & I. F. Conkey*, for the defendants.